[No. 34873.   Department Two.   December 10, 1959.]

ALLYNE RICHARDSON, *Respondent and Cross-appellant,* v. CLAUDE L. RICHARDSON, *Appellant.*[1]

*Bernice Bacharach,* for appellant.

*Murray & Hanna,* for respondent and cross-appellant.

PER CURIAM—Appellant, Claude L. Richardson, defendant below, appeals from the property settlement and alimony provisions granted the respondent wife in her divorce action, and from ancillary orders denying a modification of the alimony provisions. The respondent wife cross-appeals from the refusal to make temporary allowances in the interval between the trial and the entry of

[1]Reported in 347 P. (2d) 548.

the written order confirming temporary allowances previously made orally.

No useful purpose would be served by abstracting the evidence because the appeal involves only the property division and the alimony award. It is sufficient to say that the divorce was awarded the respondent wife because of the indefensible wrong of the appellant husband.

The parties have three children, two of whom are grown and have their own homes. The youngest daughter is now seventeen, lives at home with her mother, attends high school, and hopes for college training.

The parties have a home encumbered by a mortgage in excess of $10,000, payable in monthly installments of $92, plus mortgage insurance on the life of the appellant husband on which the monthly premium is $12. The decree requires the respondent wife to support the daughter and to pay this monthly mortgage installment of $104. When the minor daughter attains majority, or marries, the home is to be sold and the proceeds divided equally.

A *pendente lite* monthly alimony and support allowance was fixed at $300, and by the decree at $310 monthly.

The respondent wife cross-appeals from the refusal to make the temporary allowances payable for a two-month interval between the trial and the entry of a written order in the premises. Subsequent to the trial, the respondent wife obtained employment at a monthly wage of $300.

■■ Thereafter, appellant husband petitioned to modify the decree because of the changed condition. We think the changed condition requires modification of the decree. Likewise, we think the respondent wife is entitled to consideration because of the two-month interval between the trial and the entry of the written order, during which time, without contribution from appellant, she supported herself and daughter and met the mortgage installments with borrowed funds. The monthly alimony and support allowances should, therefore, continue for a period of four months subsequent to the date of her employment in November, 1958. At the expiration of that

four-month period, such allowances should be reduced to $225 monthly until the further order of the court.

Appellant husband complains about allowances made respondent wife for her defense of his appeal. However, such allowances were proper.

As so modified, the decree and ancillary orders are affirmed.

February 4, 1960. Petition for rehearing denied.